IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| MACLEAN-FOGG COMPANY | § | |
| Plaintiff | § § § | |
| vs. | § § | CASE NO. 2:07 CV 472 |
| EATON CORPORATION | § § | PATENT CASE |
| Defendants | § § § | |

### MEMORANDUM OPINION AND ORDER

Before the Court is Plaintiff MacLean-Fogg 's ("MF") Motion to Strike Defendant Eaton's Third and Fourth Affirmative Defenses (Docket No. 17). After careful consideration of the parties' written submissions, the Court **DENIES** MF's motion.

### BACKGROUND

MF contends that Eaton infringes 11 patents. In Eaton's original answer, it asserted multiple affirmative defenses. MF moved to strike Eaton's third and fourth affirmative defenses, contending they were legally insufficient. The third affirmative defense alleges that MF's patents are invalid for failure to identify the true inventors. The fourth affirmative defense alleges that the patents are unenforceable as a result of MF's inequitable conduct. Before filing its response, Eaton filed its Amended Answer and Counterclaims to add additional facts to support its third and fourth affirmative defenses. MF maintains that Eaton's third and fourth defenses are still deficient, even as amended.

### APPLICABLE LAW

"The court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." FED. R. CIV. P. 12(f). Motions to strike are generally disfavored

and infrequently granted. *Florance v. Buchmeyer*, 500 F. Supp. 2d 619, 645 (N.D. Tex. 2007) (quoting *F.D.I.C. v. Niblo*, 821 F. Supp 441, 449 (N.D. Tex. 1993)); *Pigford v. Veneman*, 225 F.R.D. 54, 58 (D.D.C. 2005) ("striking filings is generally disfavored as an extreme remedy"). When determining the sufficiency of affirmative defenses, courts will apply the same pleading requirements as applied to complaints. *Woodfield v. Bowman*, 193 F.3d 354, 362 (5th Cir. 1999).

## ANALYSIS

Eaton's Inequitable Conduct Defense

Federal Circuit law governs the adequacy of inequitable conduct allegations. *Cent. Admixture Pharmacy Servs., Inc. v. Advanced Cardiac Solutions*, 482 F.3d 1347, 1356 (Fed. Cir. 2007). Inequitable conduct allegations must be pled with particularity as required under Federal Rule of Civil Procedure 9(b). *See id*. (citing *Ferguson Beauregard/Logic Controls, Inc. v. Mega Sys., LLC*, 350 F.3d 1327, 1344 (Fed. Cir. 2003)); *see also* FED. R. CIV. P. 9(b). "The degree of particularity required is that which will give the opposing party sufficient notice to prepare an appropriate response." *Stowe Woodward, L.L.C. v. Sensor Prods., Inc.*, 230 F.R.D. 463, 470 (W.D. Va. 2005).

Eaton's inequitable conduct defense is pled with sufficient particularity. Eaton alleges that the named inventors and attorneys incorporated Eaton's confidential information into the patents and misrepresented that fact to the Patent Office. Eaton's Amended Answer and Counterclaims, ¶¶ 33–35, 68. Eaton's defense describes in intricate detail how MF came to possess the confidential information—Eaton's own drawings—through a confidential bidding process. *Id*. ¶¶ 33–35, 47–66. Citing to specific figures in the patents, Eaton contends that MF incorporated Eaton's drawings and other confidential information into the patented inventions. *Id*. ¶¶ 33–35, 68. Eaton's pled facts

detail the time, place, speakers, and contents of the inequitable conduct, which is sufficient to give notice to MF. Accordingly, the fourth affirmative defense is adequately pled.

Eaton's True Inventor Defense

MF advances two grounds to strike Eaton's third defense. First, MF asserts that Eaton's third defense is redundant of the inequitable conduct allegation. Eaton counters that its third defense is not redundant as the defense seeks to invalidate the patent as opposed to rendering it unenforceable.

"A patent is invalid if more or fewer than the true inventors are named." *Gemstar-TV Guide Int'l, Inc. v. Int'l Trade Comm'n*, 383 F.3d 1352, 1381 (Fed. Cir. 2004). Inequitable conduct does not invalidate a patent; rather, it renders the patent unenforceable. *Minnesota Min. and Mfg. Co. v. Johnson & Johnson Orthopaedics, Inc.*, 976 F.2d 1559, 1569 (Fed. Cir. 1992). Accordingly, Eaton's third defense is not redundant as it seeks to invalidate the patent rather than render it unenforceable.

MF also asserts that the third defense is insufficient because Eaton fails to identify the alleged true inventors. As discussed above, Eaton's third defense is not based on inequitable conduct; thus, Eaton is only required to give MF fair notice of its defense. *Woodfield*, 193 F.3d at 362. Although Eaton does not name the actual alleged inventors, as pled, the third defense puts MF on notice that Eaton alleges its employees invented at least part of the inventions disclosed in the asserted patents, which is sufficient notice under Federal Rule of Civil Procedure 8(b).

## CONCLUSION

For the aforementioned reasons, the Court **DENIES** MF's Motion to Strike.

**So ORDERED and SIGNED this 7th day of April, 2008.**



**LEONARD DAVIS
UNITED STATES DISTRICT JUDGE**