IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| MACLEAN-FOGG COMPANY,<br><br>      Plaintiff,<br><br>      v.<br><br>EATON CORPORATION,<br><br>      Defendant. | Civil Action No. 2:07-CV-472-LED |

**PLAINTIFF MACLEAN-FOGG COMPANY'S
OPPOSED MOTION FOR LEAVE TO SERVE
<u>SUPPLEMENTAL INFRINGEMENT CONTENTIONS</u>**

Pursuant to Local Patent Rule 3-6, MacLean-Fogg Company ("MacLean-Fogg") hereby moves the Court for leave to supplement its Infringement Contentions to add an additional Eaton cold-formed lifter assembly to the three previously accused Eaton parts for which Infringement Contentions were provided to Eaton on April 8, 2008. The newly added Eaton part number is 328347. MacLean-Fogg acted diligently and quickly to seek agreement with Eaton to supplement its Infringement Contentions once Eaton disclosed product information which was solely in its possession and was unavailable to MacLean-Fogg outside the disclosure process in this case.

MacLean-Fogg has completed its detailed P.R. 3-1 Infringement Contentions for Eaton part no. 328347, has previously provided the supplemental Contentions to Eaton, and is attaching the proposed supplemental Infringement Contentions to this motion as Exhibits 1-9. Accordingly, MacLean-Fogg requests that Eaton Corporation ("Eaton") be deemed to have been served with MacLean-Fogg's supplemental Infringement Contentions on the same day that the

Court grants leave for MacLean-Fogg to serve the attached supplemental Infringement Contentions.

The parties met and conferred about the present motion on June 18, 2008, and Eaton opposes the motion.

**A.     Legal Standard**

Local Patent Rule 3-6(b) allows a party to supplement its Infringement Contentions "only by order of the Court, which shall be entered only upon a showing of good cause." Good cause for amending or supplementing a party's Infringement or Invalidity Contentions has been interpreted by the Court to require consideration of:

(1) the explanation for the failure to meet the deadline;

(2) the importance of the thing that would be excluded;

(3) potential prejudice in allowing the thing that would be excluded; and

(4) the availability of a continuance to cure such prejudice.

*Alt v. Medtronic, Inc.*, 2006 WL 278868, *2 (E.D. Tex. 2006) (Davis, J.).[1]

**B.     Discussion**

Before filing the present lawsuit, MacLean-Fogg became aware of two cold-formed lifter assemblies that were being sold in the marketplace which MacLean-Fogg contends infringe the patents-in-suit. Based on a good faith belief that these cold-formed lifter assemblies were being made and sold to OEM automobile manufacturers by Eaton, MacLean-Fogg filed this lawsuit

---

[1] Other courts have used a similar set of factors in determining whether to grant leave to amend or supplement a party's contentions. *See e.g.., Computer Acceleration Corp. v. Microsoft Corp.*, 481 F. Supp. 2d 620, 624-25 (E.D. Tex. 2007) (Clark, J.) ("A non-exclusive list of factors considered by courts includes: 1. The length of the delay and its potential impact on judicial proceedings; 2. The reason for the delay, including whether it was within the reasonable control of the movant; 3. Whether the offending party was diligent in seeking an extension of time, or in supplementing discovery, after an alleged need to disclose the new matter became apparent; 4. The importance of the particular matter, and if vital to the case, whether a lesser sanction would adequately address the other factors to be considered and also deter future violations of the court's scheduling orders, local rules, and the federal rules of procedure; and 5. The danger of unfair prejudice to the non-movant.").

accusing Eaton of infringing MacLean-Fogg's patents covering cold-formed lifter assemblies. After this lawsuit was filed, MacLean-Fogg served discovery requests on Eaton. As a result of these discovery requests, MacLean-Fogg became aware of an additional cold-formed lifter assembly that Eaton makes and sells which MacLean Fogg also contends infringes the patents-in-suit. Accordingly, MacLean-Fogg is now requesting leave to add this newly discovered cold-formed lifter assembly to MacLean Fogg's previously served Infringement Contentions. No additional patents or patent claims are being asserted against this additional part. In fact, of the 14 patents originally asserted against Eaton's parts, only nine of the patents are being asserted against the newly discovered Eaton part.

**1. The Explanation For The Failure To Meet The Deadline**

The following factual background explains why MacLean Fogg is now seeking leave to supplement its Infringement Contentions.

The original due date for MacLean-Fogg to serve its Infringement Contentions was February 11, 2007. MacLean-Fogg's original Infringement Contentions accused two Eaton part numbers (312067 and 338584) of infringing the patents-in-suit.[2] On March 5, in response to a discovery request by MacLean-Fogg, Eaton provided MacLean-Fogg with physical samples of the accused cold-formed hydraulic lifter assemblies as well as other cold-formed lifter assemblies that Eaton manufactures, along with a list of Eaton part numbers corresponding to the samples. On March 10, MacLean-Fogg served Interrogatory No. 1 on Eaton, requesting basic information about each of the lifter assemblies identified by Eaton. However, on April 14, Eaton refused to provide MacLean-Fogg with any information about lifter assemblies which were not

---

[2] After MacLean-Fogg served its original Infringement Contentions, Eaton represented to MacLean-Fogg that the design of one of the accused parts (the Chrysler part) was changed after MacLean Fogg's pre-suit investigation. Accordingly, MacLean-Fogg's amended Infringement Contentions, which were served on April 8, accused three cold-formed lifter assemblies of infringement—a GM lifter assembly (312067) and two versions of the Chrysler lifter assembly (338584 and the original accused Chrysler lifter assembly).

already included in MacLean-Fogg's original Infringement Contentions. (Exhibit 10). On April 29, the parties compromised their dispute concerning Interrogatory No. 1, and Eaton agreed to provide MacLean-Fogg with some of the requested information for each of the non-accused parts, including whether Eaton sold the part, to whom Eaton sells the lifter assemblies, and how many of each lifter assembly Eaton sells. (Exhibit 11).[3]

MacLean-Fogg received the requested information from Eaton on May 21. (Exhibit 12). On June 5, MacLean-Fogg notified Eaton that it would seek leave to supplement its infringement contentions to add Eaton part no. 328347. In MacLean Fogg's June 5 email to Eaton, MacLean-Fogg also provided Eaton with courtesy copies of the supplemental infringement contentions that are attached to the present motion. On June 18, Eaton informed MacLean-Fogg that it would not agree to allow MacLean-Fogg's requested supplement.

As shown by the factual background provided above, MacLean-Fogg could not have provided Infringement Contentions by the original due date for Eaton part no. 328347 because MacLean-Fogg did not know about this part until after the original due date for serving Infringement Contentions. Indeed, Eaton was the only available source for obtaining an identification of this part.[4] Once MacLean Fogg learned about this additional lifter assembly, MacLean-Fogg diligently sought additional information about the part in order to determine whether to accuse it of infringement. Upon receiving the requested information, MacLean-Fogg

---

[3] In an effort to avoid burdening the Court by filing documents under seal, Eaton's substantive interrogatory responses have not been included in Exhibits 10 and 12 since the detailed answers were designated Confidential. Eaton's initial response to MacLean-Fogg's interrogatory included detailed answers to subparts 1-7 of the interrogatory for part nos. 312067 and 338584 only. However, after the parties met and conferred, Eaton agreed to provide detailed answers to subparts 1-7 for six additional parts and detailed answers to subparts 1 and 3-6 for 25 additional parts.

[4] Eaton does not sell lifter assemblies directly into the marketplace. Instead, Eaton sells its lifter assemblies to OEM manufacturers, such as GM and Chrysler. The OEM manufacturers then assign their own part numbers to Eaton's lifter assemblies and sell the parts under their own name. As a result, third parties cannot readily ascertain information about who the actual manufacturer is and which parts the actual manufacturer makes.

immediately provided copies of the supplemental infringement contentions to Eaton and requested a conference on the present motion.

### 2.  The Importance Of The Thing That Would Be Excluded

MF requests that Eaton part no. 328347 be added to this lawsuit in order to fully obtain the requested relief sought in the Complaint.  No additional patents or patent claims are being asserted.  If the Court denies MacLean-Fogg's request to supplement its Infringement Contentions, MacLean-Fogg will be forced to seek relief from Eaton's patent infringement by filing a second lawsuit for the newly discovered lifter assembly that is not currently included in MacLean-Fogg's original Infringement Contentions.  This would lead to the inefficient result of having two pending lawsuits for similar products and the same patents and would have the unfortunate consequence of wasting the Court's resources and increasing the parties' litigation expenses.

### 3.  Potential Prejudice In Allowing The Thing That Would Be Excluded

MacLean-Fogg's supplemental Infringement Contentions would not prejudice Eaton's preparation of its defense.  As explained above, Eaton knew about the existence of Eaton part no. 328347 before MacLean-Fogg learned about it in discovery.  Thus, Eaton could have started preparing its defenses for this part even before MacLean Fogg learned of its existence.  In addition, the lifter assembly that is the subject of the present motion is similar in many respects to the originally asserted parts.  Thus, any defenses developed by Eaton for the originally asserted lifter assemblies may also apply to the new lifter assembly that MacLean-Fogg is seeking to add to the case.

Moreover, MacLean-Fogg's proposed supplemental Infringement Contentions do not add any new patents or patent claims to the litigation.  MacLean-Fogg is merely adding a newly

discovered product to the Infringement Contentions. Thus, the nine patents that are being asserted against Eaton part no. 328347 have already been asserted against Eaton in MacLean-Fogg's original Infringement Contentions. Therefore, Eaton will suffer minimal burden from MacLean-Fogg's supplemental Infringement Contentions.

Furthermore, nothing has occurred in the litigation to date which would impact any non-infringement positions that Eaton may eventually take. The only substantive deadline that Eaton has responded to thus far is the deadline for serving its Invalidity Contentions, which Eaton served on May 3. However, Eaton's Invalidity Contentions will not be impacted by the addition of Eaton part no. 328347. In short, with over 16 months before the trial date, there have only been initial document disclosures exchanged, including the parties' infringement and invalidity contentions; there have been no formal positions taken in Court; and there are no scheduling order deadlines that have passed that would be impacted by the addition of this part to the case.

### 4. The Availability Of A Continuance To Cure Such Prejudice

No continuance of discovery or any other scheduling deadline is necessary for the Court to grant MacLean-Fogg's motion to supplement its Infringement Contentions. There has been very little discovery done in this case to date, and none of the discovery that has occurred or the deadlines that have passed will be impacted by the addition of Eaton part no. 328347.

### C. Conclusion

Because MacLean-Fogg acted quickly and diligently in seeking to supplement its Infringement Contentions after obtaining information which was solely in the possession of Eaton, MacLean-Fogg respectfully requests that the Court grant leave to allow MacLean-Fogg to serve the attached supplemental Infringement Contentions on Eaton for part number 328347.

A proposed Order is attached.

Dated:  June 20, 2008

Respectfully submitted,

*/s/ Richard E. Stanley, Jr.*

Jennifer Parker Ainsworth
State Bar No. 00784720
WILSON, ROBERTSON & CORNELIUS, P.C.
One American Center
909 ESE Loop 323, Suite 400
Tyler, Texas 75701
Telephone No.:  (903) 509-5000
Facsimile No.:  (903) 509-5092
Email: jainsworth@wilsonlawfirm.com

Jack C. Berenzweig
Richard E. Stanley, Jr.
Bradley L. Smith
BRINKS HOFER GILSON & LIONE
NBC Tower - Suite 3600
455 North Cityfront Plaza Drive
Chicago, Illinois  60611
(312) 321-4200

Dana A. Alden
THE ALDEN LAW GROUP, LLP
2122 York Road, Suite 180
Oak Brook, Illinois
(630) 368-7676

ATTORNEYS FOR PLAINTIFF
MACLEAN-FOGG COMPANY

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a).  As such, this motion was served on all counsel who have consented to electronic service, Local Rule CV-5(a)(3)(A), on this the 20th day of June, 2008.

*/s/ Richard E. Stanley, Jr.*
Richard E. Stanley, Jr.

## CERTIFICATE OF CONFERENCE

This is to certify that counsel for plaintiff, MacLean-Fogg Company Inc., conferred with counsel for defendant on June 18, 2008, concerning this motion and they oppose the motion.

MacLean-Fogg was represented at the conference by Jennifer Parker Ainsworth, Jack C. Berenzweig, and Richard E. Stanley, Jr.

Eaton was represented at the conference by Michael E. Jones, Steven M. Auvil, and Denis Ticak.

*/s/ Richard E. Stanley, Jr.*
Richard E. Stanley, Jr.