# Exhibit 10

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| MACLEAN-FOGG COMPANY, | ) Civil Action No.: 2:07-cv-00472-LED |
| Plaintiff/Counterclaim-Defendant, | ) Judge Leonard E. Davis |
| v. | ) |
| EATON CORPORATION, | ) **JURY TRIAL DEMANDED** |
| Defendant/Counterclaim-Plaintiff. | ) |

## EATON CORPORATION'S RESPONSES TO MACLEAN-FOGG'S FIRST SET OF INTERROGATORIES

Pursuant to Fed. R. Civ. P. 33, defendant Eaton Corporation ("Eaton") hereby responds to plaintiff MacLean-Fogg's ("MF's") First Set of Interrogatories ("Interrogatories").

## GENERAL OBJECTIONS

1. Eaton objects to the Interrogatories to the extent they seek discovery of information protected by a privilege or other protection, including without limitation the attorney-client privilege or work product protection. Eaton will not provide any information protected by any privilege or work product protection. Eaton will provide a privilege log in accordance with the Federal Rules of Civil Procedure, local rules and applicable Orders.

2. Eaton objects to the Interrogatories to the extent they are premature, unduly burdensome, overly broad, seeking information not relevant to the claims or defenses of the Parties in this action, and seeking information not reasonably calculated to lead to the discovery of admissible evidence. Eaton also objects to the Interrogatories to the extent they do not identify the information sought with reasonable particularity.

3. Eaton further objects to the Interrogatories to the extent they seek discovery regarding

any expert retained by Eaton in anticipation of litigation or preparation for trial. To the extent that any such expert witness has opinions that may be presented at trial, Eaton will produce an expert report in accordance with Fed. R. Civ. P. 26(a)(2), the local rules and applicable Orders.

4. Eaton objects to these Interrogatories to the extent they are unreasonably cumulative or duplicative, request information that is publically available, or is obtainable from some other source that is more convenient, less burdensome, or less expensive. In addition, Eaton objects to any Interrogatory when the burden or the expense of obtaining the requested discovery outweighs its likely benefit.

5. Eaton objects to the Interrogatories to the extent they seek Eaton's contentions with respect to an issue currently being investigated by Eaton. Eaton's responses to the Interrogatories are based on a reasonable investigation to date. As discovery and counsel's investigation are ongoing, Eaton will supplement its answers in accordance with Fed. R. Civ. P. 26(e), the local rules and applicable Orders.

6. Eaton objects to the Interrogatories to the extent they seek information outside the possession, custody, or control of Eaton. Eaton will provide responsive information relevant to the claims and defenses asserted in this action within its possession, custody, or control.

7. Eaton objects to the Interrogatories to the extent they seek the disclosure of confidential information, including without limitation, confidential business information, proprietary and/or competitively sensitive information, or trade secrets. Subject to its other General Objections, and any specific objections set forth below, Eaton will only provide relevant information in a manner consistent with a Protective Order negotiated by the parties and entered in this action or otherwise entered by the Court.

8. Eaton's responses to the Interrogatories are not to be construed as admissions that any of

the requested information exists or that any contention, assumption, or premise contained in the Interrogatories, whether implicit or explicit, is correct.

## OBJECTIONS TO DEFINITIONS

Eaton objects to the definition of "Eaton" as overly broad and unduly burdensome to the extent it includes in its scope persons over which Eaton does not have control.

## SPECIFIC OBJECTIONS AND RESPONSES TO INTERROGATORIES

### Interrogatory No. 1:

For each of the following parts manufactured and/or sold by Eaton, identify:

1) who Eaton supplies such part to;

2) what vehicle platform(s) such part is used on;

3) when Eaton first manufactured such part;

4) when Eaton first sold such part to a customer;

5) what process is currently used to make the blank for the body of such part (e.g., whether the body is currently made by cold-forming, casting or some other process);

6) whether the process for making the blank for the body of such part has changed since the part was first manufactured by Eaton, and if such process has changed, when the change occurred, and what process it was changed from and what process it was changed to; and

7) the annual quantity that Eaton sold of such part in each of the last six years.

| Product Description | Part Number |
|---|---|
| Roller Lifter/Valve Deactivator | 312067 |
| DCX Standard | 338584 |
| GM Standard | 328347 |
| Hydraulic Roller Lifter Type V | HR-348 |

| | |
|---|---|
| Hydraulic Roller Lifter Type V | HR-355 |
| Hydraulic Roller Lifter Type V | HR-373 |
| Hydraulic Roller Lifter Type V | HR-375 |
| Hydraulic Roller Lifter Type V | HR-376 |
| Flat Face Type V | H-202 |
| Flat Face Type V | H-301 |
| Flat Face Type V | H-303 |
| Flat Face Type V | H-304 |
| Flat Face Type V | H-307 |
| Flat Face Type V | H-310 |
| Flat Face Type V | H-324 |
| Flat Face Type V | H-328 |
| Flat Face Type V | H-329 |
| Flat Face Type V | H-330 |
| Flat Face Type V | H-331 |
| Flat Face Type V | H-343 |
| Flat Face Type V | H-344 |
| Flat Face Type V | H-345 |
| Flat Face Type V | H-346 |
| Flat Face Type V | H-347 |
| Flat Face Type V | H-361 |
| Flat Face Type V | H-366 |
| 16MM Lash Adjuster | 100665 |
| Nola I (Normally Open Lash Adjuster) | 302257 |
| Nola II (Normally Open Lash Adjuster) | 327177 |
| Nola (Normally Open Lash Adjuster) | 314494 |
| Kenosha (lash adjuster) | 100719 |
| Saltillo (lash adjuster) | 101034 |
| Single Piece Lash Adjuster (SPLA) | 329281 |

**Objections and Response:**

Eaton objects to this Interrogatory as overly broad and unduly burdensome. Eaton also objects to this Interrogatory as it contains multiple subparts and therefore consists of more than one Interrogatory. Eaton further objects that this Interrogatory seeks information that is not relevant to the parties' claims and defenses and is not reasonably calculated to lead to the

discovery of admissible evidence. In particular, the Interrogatory seeks confidential Eaton information regarding "parts" that are not accused of infringement in this action.

Subject to and without waiving the foregoing objections, Eaton's response to Interrogatory No. 1 is attached herewith as Exhibit A.


DATED:  April 14, 2008                               /s/ Steven M. Auvil

Steven M. Auvil (admitted *pro hac vice*)
sauvil@bfca.com
Gregory S. Kolocouris (admitted *pro hac vice*)
gkolocouris@bfca.com
Denis Ticak (admitted *pro hac vice*)
ticak@bfca.com
**BENESCH, FRIEDLANDER,
  COPLAN & ARONOFF LLP**
2300 BP Tower, 200 Public Square
Cleveland, OH  44114-2378
Telephone:  (216) 363-4500
Facsimile:  (216) 363-4588


Michael E. Jones
mikejones@potterminton.com
Diane DeVasto
dianedevasto@potterminton.com
**POTTER MINTON**, A Professional Corporation
110 N. College, Suite 500
Tyler, TX  75702
Telephone: (903) 597-8311
Facsimile: (903) 593-0846

Attorneys for Defendant
**EATON CORPORATION**

## CERTIFICATE OF SERVICE

      The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via email on April 14, 2008.

                                        /s/ Steven M. Auvil