IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| MACLEAN-FOGG COMPANY,　Plaintiff,　v.　EATON CORPORATION,　Defendant. | § § § § § § § § § § § § § | Civil No. 2:07-cv-472 |

**MEMORANDUM OPINION AND ORDER**

Before the Court is Plaintiff MacLean-Fogg Company's ("MacLean-Fogg") Motion For Leave To Serve Supplemental Infringement Contentions (Docket No. 49). After considering the parties' written and oral arguments, the Court **GRANTS** MacLean-Fogg's motion.

**BACKGROUND**

On October 31, 2007, MacLean-Fogg filed a complaint against Eaton Corporation ("Eaton") alleging Eaton infringed fourteen MacLean-Fogg patents. The patents generally relate to valve lifters, which are automotive engine components that transfer motion from the engine's camshaft to the engine valves, which in turn control the flow of air and fuel into the cylinders.

On December 19, 2007, as part of settlement discussions, Eaton delivered three sample products to MacLean-Fogg: the Chrysler Standard Lifter (Eaton Part Nos. 338584 and 110685), the GM AFM Lifter (Eaton Part No. 312067), and a partial assembly of the GM Standard Lifter (Eaton Part No. 328347). The GM Standard Lifter partial assembly included the valve lifter body without

1

a plunger or socket. MacLean-Fogg filed its patent infringement contentions ("PICs") on February 11, 2008. The PICs included over 500 claims of infringement against the Chrysler Standard Lifter and the GM AFM Lifter (Part Nos. 338584, 110685, and 312067), but did not include claims against the GM Standard Lifter (Part No. 328347).

On March 5, in response to a discovery request by MacLean-Fogg, Eaton produced a full assembly of the GM Standard Lifter–a valve lifter body including a plunger and a socket. MacLean-Fogg responded to this production of the full assembly by serving related interrogatories on March 10. The parties exchanged discovery related to Eaton's March 5 discovery production through April and May. On June 5, MacLean-Fogg notified Eaton it would seek leave to supplement its PICs to add the GM Standard Lifter. Eaton voiced its opposition to the amendment on June 18. On June 20, 2008, MacLean-Fogg moved to amend its PICs to include the GM Standard Lifter. Eaton opposes this motion, which is now before the Court.

## APPLICABLE LAW

Patent Rule 3-6(b) requires leave of Court and good cause if a party seeks to amend or supplement its infringement contentions after the due date. Federal Rule of Civil Procedure 16(b) allows a party to modify the Court's Docket Control Order upon a showing of good cause. FED. R. CIV. P. 16. The good cause standard requires the party seeking relief to show that, despite its exercise of diligence, it cannot reasonably meet the scheduling deadlines. *S&W Enters., L.L.C. v. Southtrust Bank of Alabama*, 315 F.3d 533, 535 (5th Cir. 2003). The Court has broad discretion to allow scheduling order modifications and considers four elements to determine if modification is appropriate: (1) the explanation for the party's failure to meet the deadline, (2) the importance of what the Court is excluding, (3) the potential prejudice if the Court allows the thing that would be

excluded, and (4) the availability of a continuance to cure such prejudice. *Id.* at 536. A party's failure to meet a deadline due to mere inadvertence is equivalent to no explanation at all. *Id.*

## ANALYSIS

**Explanation for delay**

MacLean-Fogg received the GM Standard Lifter partial assembly on December 19, 2007, but did not receive the full assembly until March 5, 2008 after MacLean-Fogg had served its PICs. On March 10, 2008, MacLean-Fogg served additional discovery on Eaton, requesting interrogatory responses related to sales of the GM Standard Lifter. MacLean-Fogg demonstrated diligence in serving these discovery requests immediately after receiving the full assembly of the GM Standard Lifter. Discovery on this issue continued for several months until June 5, when MacLean-Fogg specifically notified Eaton of its intention to supplement its infringement contentions.

Eaton could have provided the full assembly to MacLean-Fogg in December of 2007. Instead, MacLean-Fogg had no choice but to rely on the discovery process to obtain a full assembly and otherwise learn about the GM Standard Lifter. While MacLean-Fogg may have been able to form an infringement theory as to some claims when it received the partial assembly, it is clear that analysis of some claims required the full assembly. After finally obtaining the full assembly, MacLean-Fogg was diligent in requesting discovery in furtherance of its intention to supplement. The delay resulted principally from requesting additional discovery rather than any gamesmanship. This factor favors granting leave to supplement.

**Importance**

MacLean-Fogg contends that the GM Standard Lifter is essential to this case and without it MacLean-Fogg would not have full resolution of its claims of infringement. Eaton does not squarely

address the element of importance in its opposition brief.  The GM Standard Lifter is important to this lawsuit, and therefore this factor favors granting leave to supplement.

**Prejudice**

Eaton contends its claim construction positions and invalidity contentions are impacted by MacLean-Fogg's delay.  MacLean-Fogg argues "it makes no sense that Eaton's supplemental PICs would impact Eaton's claim construction positions" because "Eaton's invalidity contentions are focused on prior art, and MacLean-Fogg's PICs are focused on Eaton's products."  Docket No. 52, at 4.

While it is likely that the amended PICs will impact Eaton's claim construction positions and invalidity contentions, Eaton is only minimally prejudiced because it still has ample time to prepare its case for both claim construction and trial.  The *Markman* hearing is scheduled for April 9, 2009.  Thus, Eaton has nearly 10 months from the filing of this motion to prepare for the *Markman* hearing.  The discovery deadline is July 15, 2009, and trial is set for November 9, 2009–both more than a year from the filing of this motion.  Further, at the hearing, Eaton did not indicate it would require any relief if the motion were granted.  This factor favors granting leave to supplement.

 **Availability of continuance**

As set forth above, the respective deadlines in this case provide Eaton ample time to prepare its case.  The absence of prejudice eviscerates the need for a continuance.

## CONCLUSION

Although MacLean-Fogg could have been more diligent in pursuing its claims against the GM Standard Lifter, the delay in asserting its claims did not result from inadvertence or gamesmanship.  Additionally, Eaton did not show any actual prejudice from the delay.  Therefore,

the Court **GRANTS** MacLean-Fogg's motion for leave to supplement. The Court urges the parties to cooperate on rescheduling any upcoming deadlines to allow Eaton time to prepare for the *Markman* hearing.

**So ORDERED and SIGNED this 6th day of October, 2008.**

_____
**LEONARD DAVIS**
**UNITED STATES DISTRICT JUDGE**